plaintiffs, defendants appeal. Reversed. Charles F. Brown, for appellants. Ralph E. Prime, for respondents.

PER CURIAM. We do not think the occupant of real estate should be ejected on proof furnished by surveys which, it seems, were not satisfactory to the Trial Court, and are not regarded as satisfactory by this court. Judgment reversed, and new trial granted; costs to abide the event.

HOOKER, J. (dissenting). The learned trial court has believed the evidence of the witness Brockway that in 1865 or 1866, and about the time of the deed from Allison to James Eckerson, one of plaintiff's predecessors in title, he was present at a meeting between Eckerson and Michael A. Archer, the then owner of the lands which the defendants now hold, when the subject of the line between their respective properties was discussed, and that these owners agreed that the ditch should be eight or ten feet south of the line, and that "the reason why they didn't define the line at that time was that one claimed that it ought to be farther north and another claimed that it ought to be farther south, and they said that would be the line, and agreed that the ditch should be put eight or ten feet south of the line until such time as a surveyor could be employed and had definitely settled where the true line was. That ditch existed for the purpose of carrying off the water that fell in and back of the yards. * * * Mr. Eckerson said he wanted the ditch put on the line, and Mr. Archer objected to it, because it narrowed his yard up too much." The record fails to disclose any support for the criticism of this witness which defendants' counsel has indulged in, and a careful examination of the record fails to convince us that the learned trial court was not abundantly justified in accepting this evidence as stating the fact. Here was clearly a tentative line, and, inasmuch as this action was commenced in 1882, the period of 20 years, mentioned in section 365 of the Code of Civil Procedure as limiting the time within which an action to recover real property may be maintained, had not run. Then, too, the Christie line was substantially north of the ditch. The second trial resulted in a judgment whose effect was to fix the boundary on that line. The plaintiff appealed from so much of the judgment as awarded any of the lands in dispute to the defendants; but the latter seemed to be content, and that part of the judgment which gave to the plaintiff the land up to the Christie line has never been appealed from, and is, of course, res adjudicata between the parties. That judgment could only have proceeded upon the theory that there had been no adverse possession for 20 years prior to the commencement of the action by the defendants and their predecessors in title as far south as the ditch. There is no claim that the character of the defendants' possession of the strip north of the Christie line differed from that of the strip south. It is perfectly clear that it made no difference whether a surveyor start from the point Christie used, at the northeast corner of Division and Rockland streets, or that employed by the other engineers, at the southwest corner of Clinton and Rockland streets. The direction of Rockland street was agreed between Christie

and those who surveyed for the plaintiff, and the distance between the north line of Division and the south line of Clinton streets has never been seriously in dispute. In fact, Christie himself stated that, whether the start was made at one point or the other, if the work were well done, the surveys should agree. The preponderance of the evidence in plaintiff's favor as to the location of the line dividing the north one-half of blocks I and K from the south one-half is so marked that discussion seems hardly profitable. The surveys of the five engineers who undertook to locate that line at plaintiff's behest are in practical accord. Except by a system of triangulation, the results could not be expected, on account of the exceeding unevenness of the ground over which lineal measurements were required to be made, to coincide exactly. Wilson has verified his measurements on more than one occasion, and it is especially worthy of note in this connection that the result of his survey differed only three inches as to the location of the southeast corner of the barn from that of Spindler, reached by triangulation. In fact, there was but seven inches discrepancy between those of the plaintiff's five surveys which were widest apart. The result of Christie's survey, whose methods were fairly open to criticism when work of great nicety was essential, must give way before those offered by the plaintiff. The determination of the court below as to the whereabouts of the line in dispute may not be disturbed. Inasmuch as the dispute in this case is upon the facts, and cannot be of value or interest to others than the parties themselves, we have been content to express the views which lead us to affirm the judgment, without reciting the history of the case and the manner in which the various questions of fact arose in the progress of the litigation. The judgment appealed from should be affirmed, with costs.

In re EDGECOMBE AVE. (Supreme Court, Appellate Division, First Department. July 7, 1905.) In the matter of Edgecombe avenue. J. A. Deering, for appellant. J. P. Dunn, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

EISIG, Respondent, v. SMITH, Appellant. (Supreme Court, Appellate Division, Second Department. September 29, 1905.) Action by Monash Eisig against John or Isaac Smith. No opinion. Motion to dismiss appeal granted, with costs, unless the appellant pay $10 costs and perfect his appeal within 20 days, in which case the motion is denied, without costs.

ELKUS, Respondent, v. OSFER et al., Appellants. (Supreme Court, Appellate Division, Second Department. November 17, 1905.) Action by Abraham Elkus against Samuel Osfer and Ezra Osfer. No opinion. Judgment of the Municipal Court affirmed, with costs.

ELLIS, Respondent, v. THOMPSON, Appellant. (Supreme Court, Appellate Division, First Department. November 10, 1905.) Action by Henry W. Ellis against Denman Thompson. J. J. Allen, for appellant. A. Dreyer, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.